**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:10cv577**

| | | |
|---|---|---|
| **DANITA MITCHELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **RONALD L. CHAPMAN, District Judge,** | ) | |
| **District Court of Mecklenburg County,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner Danita Mitchell's Petition under 28

U.S.C. § 2254 for a Writ of Habeas Corpus, filed November 8, 2011 (Doc. No. 1) and two

addendums to that petition (Doc. Nos. 2 and 4).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

After a careful review of Mitchell's Petition, it appears to this Court that Petitioner is

seeking review of several orders that were issued by Respondent, a Mecklenburg County District

Court Judge, in connection with Petitioner's ongoing child support case over which Respondent

is presiding.  (Doc. No. 2 at 6: Addendum by Danita Mitchell).[1]  Specifically, Petitioner claims

that on September 21, 2009, she filed motions for modification of child support, relief from

judgment, and to change venue.  (Id.).  Such motions were scheduled for a hearing on February

1, 2010.  (Id.).  Petitioner also filed a "motion for contempt," which was scheduled for a hearing

on February 2, 2010.  (Id.).  However, Respondent allegedly rescheduled one or both of those

_____

[1] Petitioner's first supplement (Doc. No. 2) is the most complete of her three pleadings as it includes each
of her four claims along with her exhibits.  The original Petition (Doc. No. 1) contains only claims one and two, and
the second supplement (Doc. No. 4) contains all four claims but no exhibits.  Therefore, the Court will treat the first
supplement as Petitioner's actual Petition and will cite to it in the discussion of her claims.

hearings to February 3, 2010 without giving Petitioner notice of that change.  (Id.).  Petitioner

further alleges that on March 8, 2010, Respondent continued a hearing and had Petitioner

arrested and held for 48 hours, until March 10, 2010.  (Id.).  Petitioner also alleges that at some

point, counsel for Petitioner's former spouse filed a motion for a $10,000 attorney's fee; in

response, and without scheduling the matter for a hearing or giving Petitioner proper notice,

Respondent granted the motion-- notwithstanding that Petitioner reportedly was, at some

unspecified time, declared to be indigent by the State of North Carolina.  (Id.).

     As for her claims, Petitioner first alleges that Respondent violated her Fourth and

Fourteenth Amendment rights when he ordered her false arrest, rescheduled her proceedings

without giving her adequate notice, and ordered her to pay the $10,000 attorney's fee without

scheduling that matter for a hearing or otherwise giving her "proper notice."  (Id. at 6, 8).

Petitioner's second claim appears to allege that Respondent conspired with her ex-husband's

attorney to falsely imprison her by, among other actions, issuing an arrest warrant for her, failing

to give her proper notice of the motion for attorney's fees, failing to schedule a hearing for that

motion, and seeking extrajudicial information about her.  (Id. at 8).  Petitioner's third claim is

that she was arrested without just cause on March 16, 2010 and is being prohibited from entering

the Mecklenburg County Courthouse in retaliation for her having engaged in "whistleblower []

activities against Respondent and others, and because she is seeking a modification of her child

support award.  (Id. at 9).  Finally, Petitioner alleges that her First, Second, Fourth, Fifth, Sixth,

and Fourteenth Amendment rights were violated when Respondent conspired with other judges

and an attorney to commit slander and assassinate her character, and when he "jailed" her from

June 3, 2010 until June 17, 2010 without just cause.  (Id. at 11).  As relief, Petitioner asks the

Court to dispose of an otherwise unspecified order for arrest entered by Respondent; to conduct

an administrative review under the Administrative Procedures Act for said order for arrest as well as for the ban prohibiting her from entering the County Courthouse; and to grant her "[r]elief from harassment, racial discrimination, judicial misconduct [and] abuse, unjust [and] unreasonable malicious prosecution, unlawful retaliation, tortious abuse, [and] intentional infliction of emotional distress." (Id. at 16).

## II.    STANDARD OF REVIEW

Pursuant to the Rules Governing § 2254 Cases, the district courts are directed to promptly examine federal habeas petitions and any attached exhibits in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. Rule 4, 28 U.S.C.A. foll. 2254. In the event it is determined that a Petitioner is not entitled to relief, the reviewing court must dismiss the motion. See id. Following such directive, this Court has reviewed the instant Petition and determined that it must be dismissed.

## III.    DISCUSSION

A habeas corpus proceeding allows a "person in custody under a state-court judgment" to challenge the lawfulness of her custody on constitutional and federal law grounds. Rules Governing § 2254 Cases, Rule 1, 28 U.S.C. A. foll. § 2254. In other words, a habeas corpus proceeding is an attack upon the legality of the petitioner's custody. Section 2254 therefore requires that the petitioner challenge the fact and/or the duration of her confinement, and that the petition seeks an immediate or speedier release from custody. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

The instant Petition does not meet the threshold requirements of Section 2254 because it does not challenge the legality of any criminal conviction. Rather, the Petition refers to an ongoing child support action and identifies a civil district court case ("04-CVD-18499") as the

matter that is being challenged.  (Doc. No. 2 at 2).  The Petitioner also raises claims that attack

certain non-dispositive rulings and procedures that have allegedly occurred in that civil

proceeding.  (Id. at 2-11).  Finally, the "sentence" that Petitioner attacks is, according to

Petitioner, actually a requirement that Petitioner "must pay $10,000 secured bond for pretrial

release."  (Id. at 2).  Consequently, even assuming that Petitioner could satisfy the "in custody"[2]

requirement as well as the full exhaustion requirement imposed under 28 U.S.C. § 2254(b)(1)(A)

and (B), she still has not stated a cognizable claim for  habeas corpus relief.  Accordingly, this

Petition must be dismissed.

   **IT IS, THEREFORE, ORDERED that:**

1.    Petitioner's Petition (Doc. No. 1) along with its supplements (Doc. Nos. 2 and 4)

      are **DISMISSED** with prejudice for Petitioner's failure to state a cognizable

      claim for relief under 28 U.S.C. § 2254;

2.    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court

      declines to issue a certificate of appealability as Petitioner has not made a

      substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2);

      Miller-El v Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a

      petitioner must demonstrate that reasonable jurists would find the district court's

      assessment of the constitutional claims debatable or wrong) (citing Slack v.

_____

   [2] Petitioner does not allege that she was in actual, physical custody at the time she filed her Petition.
However, Petitioner does make reference to a $10,000 secured bond which she reportedly was required to pay for
her pre-trial release.  (Doc. No. 2 at 2).  The Supreme Court  has held that the "in custody" requirement can be met
by persons who are not in physical custody of the State, but are experiencing restraints on their liberty which are not
shared by the public generally, such as when a petitioner has been released on bond pending her trial or re-trial.  See
Justices of Boston Nun. Ct. v. Lydon, 466 U.S. 294, 300-02 (1984).  Therefore, giving Petitioner the benefit of all
reasonable doubts, her Petition suggests that arguably could satisfy the "in custody" requirement imposed under §
2254.

McDaniel, 529 U.S. 473, 484 (2000)); and

3.    The Clerk is direted to notify the petitioner.

Signed: February 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge